UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOARD OF TRUSTEES OF THE AFTRA RETIREMENT FUND, in its capacity as a fiduciary of the AFTRA Retirement Fund, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>            v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>            Defendant. | No. 09-cv-00686 (SAS) (DF)<br>ECF Case |
| BOARD OF TRUSTEES OF THE IMPERIAL COUNTY EMPLOYEES' RETIREMENT SYSTEM, in its capacity as a fiduciary of the Imperial County Employees' Retirement System, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>            v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>            Defendant. | No. 09-cv-03020 (SAS) (DF) |
| THE INVESTMENT COMMITTEE OF THE MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY PENSION PLAN, in its capacity as a fiduciary of the MaBSTOA Pension Plan, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>            v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>            Defendant. | No. 09-cv-04408 (SAS) (DF) |



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/5/12

**JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, the Lead Plaintiffs in the Action, the Board of Trustees of the AFTRA Retirement Fund, the Board of Trustees of the Imperial County Employees' Retirement System, and Investment Committee of the Manhattan and Bronx Surface Transit Operating Authority Pension Plan (collectively "Lead Plaintiffs"), on behalf of themselves and the members of the Class, and JPMorgan Chase Bank, N.A. ("JPMC Bank") entered into a Stipulation of Settlement dated as of March 28, 2012 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the above-referenced litigation against JPMC Bank on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement"); and

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation; and

WHEREAS, by Order dated March 30, 2012 (the "Preliminary Approval Order"), this Court (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to members of the Class; (c) provided members of the Class with the opportunity to exclude themselves from the proposed Settlement, (d) provided Class Members with the opportunity to object to the proposed Settlement, and (e) scheduled a hearing regarding final approval of the Settlement; and

WHEREAS, due and adequate notice has been given to the Class; and

WHEREAS, the Court conducted a hearing on June 4, 2012 to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

<u>Jurisdiction:</u> **The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties, the Third-Party Defendants, and each of the Class Members.**

**<u>Incorporation of Settlement Documents:</u>** This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on March 28, 2012; and (b) the Notice, which was also filed with the Court on March 28, 2012.

**<u>Notice:</u>** The Court finds that the distribution of the Notice: (i) was implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice reasonably practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise members of the Class of the effect of the Settlement (including the releases provided for therein), of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorneys' fees, Case Contribution Awards and reimbursement of Litigation Expenses incurred in connection with the prosecution of the Action, of Class Members' right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's request for an award of attorneys' fees, Case Contribution Awards and reimbursement of Litigation Expenses, and of their right to appear at the Final Approval Hearing; (iv) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (v) satisfied the

requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

**Final Settlement Approval and Dismissal of Claims:** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the releases provided for therein and the dismissal with prejudice of any and all Settled Claims against each and every one of the released parties) and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Lead Plaintiffs, the Class, and the Class Members.

All of the claims in the Action against JPMC Bank by the Class Members and Lead Plaintiffs are hereby dismissed on the merits and with prejudice, as of the Effective Date. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

All of the claims in the Action by JPMC Bank against the Third-Party Defendants are hereby dismissed on the merits and with prejudice, as of the Effective Date. The Third-Party Defendants and JPMC Bank shall bear their own costs and expenses.

**Binding Effect:** The terms of the Stipulation and of this Judgment shall be forever binding on the Settling Parties and the Class Members, as well as all of their successors and assigns. The Settling Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

**Releases:** The releases as set forth in paragraphs 2, 3, and 4 of the Stipulation (the "Releases"), together with the definitions contained in Paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the

Effective Date unless otherwise indicated in the Stipulation. Accordingly, this Court orders that, as of the Effective Date, and without limiting the scope of the Releases as set forth in the Stipulation:

Lead Plaintiffs, each Class Member, and the Third-Party Defendants by operation of this Judgment, shall be deemed to have released and forever discharged each and every Settled Claim as against the JPMC Bank Releasees, and shall forever be barred and enjoined from asserting or prosecuting any Settled Claims against any JPMC Bank Releasee.

By operation of this Judgment, JPMC Bank shall be deemed to have released and forever discharged each and every Settled Claim as against the Class Member Releasees, and the Third-Party Defendant Releasees, and shall forever be barred and enjoined from asserting or prosecuting any Settled Claims against any of the Class Member Releasees, or such Third-Party Defendant Releasees.

**Rule 11 Findings:** The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action. The Court further finds that Lead Plaintiffs and Lead Counsel adequately represented the Class Members for purposes of entering into and implementing the Settlement.

**No Admissions:** Neither this Judgment, the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings connected therewith, nor any of the documents or statements referred to therein shall be:

admissible in any action or proceeding for any reason, other than an action to enforce the terms of the Settlement or this Judgment; or

deemed, described, construed, offered or received as evidence of any presumption, concession, or admission by any person or entity of the truth of any fact alleged in the Action; the validity or invalidity of any claim or defense that was or could have been asserted in the Action or in any litigation or proceeding; the amount of damages, if any, that may have been recoverable in the Action; or any liability, negligence, fault, or wrongdoing of any person or entity.

**Retention of Jurisdiction:** Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the funding and disposition of the Settlement Fund; (b) any motion for an award of attorneys' fees, Case Contribution Awards and/or expenses by Lead Counsel in the Action; (c) the Class Members for purposes of adjudicating any dispute relating to a Claim; and (d) any motion to approve the Plan of Allocation and the Class Distribution Order, except as otherwise provided in paragraph 54 of the Stipulation.

Any plan of allocation submitted by Lead Counsel or any order entered regarding any motion for attorneys' fees, Case Contribution Awards and expenses filed by Lead Counsel shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date.

**Termination:** If the Effective Date does not occur or the Stipulation is terminated, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation.

The Clerk of the Court is directed to close Plaintiffs' Motion for Final Approval of Settlement, Approval of Class Notice and Approval of Plan of Allocation [Docket No. 180] and these cases.

SO ORDERED this 5th day of June, 2012.

THE HONORABLE SHIRA A. SCHEINDLIN
United States District Judge